UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Jacqueline Galarza, | § | |
|     Plaintiff, | § | |
| | § | CASE NO. 5:20-cv-00981 |
| | § | |
| v. | § | |
| | § | |
| TD Bank USA, National Association, and | § | |
| Does 1 through 100, inclusive, | § | |
|     Defendants. | § | |

### PLAINTIFF'S ORIGINAL PETITION

COMES NOW Plaintiff Jacqueline Galarza ("Plaintiff"), an individual, based on information and belief, to allege as follows:

### INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violation of: (1) the Telephone Consumer Protection Act 47 U.S.C. § 227, *et seq.* (hereinafter "TCPA"), which prohibits the use of automated dialing equipment when making calls to consumers; (2) the Texas Debt Collection Act § 392.302 (hereafter "TDCA"), which prohibits harassment when calling consumers; and (3) the Deceptive Trade Practices-Consumer Protection Act § 17.41, *et seq.* (hereafter "DTPA"), which is brought under the tie-in provision of the TDCA.

2. Plaintiff brings this action against Defendant TD Bank USA, National Association (hereinafter "TD Bank") for its abusive and outrageous conduct in connection with debt collection activity.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. The TCPA was designed to prevent calls like the ones described herein, and to protect the privacy of citizens like Plaintiff, and by enacting the TCPA, Congress intended to give consumers a choice as to how corporate entities may contact them and to prevent the nuisance associated with automated or prerecorded calls.

5. The TDCA is the state's version of the federal Fair Debt Collection Practices Act

(hereinafter "FDCPA"), and aims to protect consumers against unfair and harassing collection practices like the ones described herein. Unlike the FDCPA, the TDCA applies to anyone attempting to collect a consumer debt. The TDCA contains a tie-in provision which allows a claimant under a TDCA violation to incorporate all remedies available under the DTPA.

## JURISDICTION & VENUE

6. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 1367, and 47 U.S.C. § 227.

7. This venue is proper pursuant to 28 U.S.C. §1391(b).

## GENERAL ALLEGATIONS

8. Plaintiff Jacqueline Galarza is an individual residing in the state of Texas.

9. Plaintiff had taken out a loan with TD Bank in approximately August of 2019.

10. Plaintiff began making payments on the account before she became financially unable to keep up with the monthly payments.

11. TD Bank began contacting Plaintiff in or about February of 2020 to inquire about the status of the loan and to collect on the payments that were no longer being made.

12. Plaintiff retained counsel to assist in dealing with the TD Bank debt and to seek some type of financial relief.

13. Counsel for Plaintiff sent a letter of revocation to TD Bank on or about December 27, 2019 (the "Revocation").

14. Plaintiff believes her revocation and representation letter was received by TD Bank on December 31, 2019.

15. Plaintiff informed TD Bank, through her letter of revocation, that she was revoking her consent, if it was previously given, to be called on her telephone, and that she was represented by counsel who should be contacted on her behalf.

16. Plaintiff was frustrated that TD Bank repeatedly made unsolicited calls to her cellular telephone after contacting TD Bank to revoke her consent.

17. Plaintiff denies that she ever gave her express consent to be contacted on her cellular telephone by automatic dialing machines and pre-recorded messages.

18. Despite receiving the Revocation, TD Bank continued to contact Plaintiff between approximately February 6, 2020 through May 12, 2020; the type of contact was through phone calls to Plaintiff on her cellular telephone.

19. Counsel for Plaintiff sent a second letter to Defendant on or about May 12, 2020, in the form of the required notice pursuant to § 17.505(a) of the DTPA (the "Notice").

20. Despite receiving the Notice, TD Bank continued to contact Plaintiff between approximately May 12, 2020 through June 18, 2020; the type of contact was through phone calls to Plaintiff on her cellular telephone.

21. Despite receiving both the Revocation and Notice, Defendant continued to contact Plaintiff on her cellular telephone regarding collection of the outstanding debt.

22. TD Bank ignored Plaintiff's letter of representation and continued to contact her for at least four (4) months following receipt of Plaintiff's Revocation letter.

23. Despite being aware of Plaintiff's December 27, 2019 Revocation and Plaintiff's May 12, 2020 Notice, TD Bank continued to contact Plaintiff on her cellular telephone.

24. TD Bank's calls were frequent in nature and continued despite receiving written confirmation that Plaintiff was revoking any consent that may have been previously given to be called on her cellular telephone.

**FIRST CAUSE OF ACTION**
(Violation of the TCPA)
(47 USC § 227 *et seq.*)
(Against Defendant and Does 1-100)

25. Plaintiff re-alleges and incorporates the allegations in each and every paragraph above by reference as if fully stated herein.

26. Since at least February of 2020, Defendant started calling Plaintiff's cellular telephone requesting that payment be made on the account Plaintiff held with Defendant.

27. TD Bank continued to call Plaintiff frequently after Plaintiff withdrew her consent to be contacted by an automatic dialing machine.

28. Defendant would contact Plaintiff frequently regarding payment on the account.

29. Defendant placed the above cited calls using an artificial or prerecorded voice to deliver the collection messages without Plaintiff's prior express consent.

30. Defendant contacted Plaintiff on at least one hundred seventy-three (173) separate occasions after Plaintiff first informed Defendant that she did not wish to be contacted on her cellular telephone and withdrew any prior consent that may have been given. Of these calls, at least seven (7) were made after Defendant had received two, separate notices (the Revocation and the Notice).

31. All calls placed by Defendant to Plaintiff utilized an "automatic telephone dialing system" as defined by 47 U.S.C. § 227(a)(1).

32. These calls were made to Plaintiff's cellular telephone and were not calls for an emergency purpose as defined by 47 U.S.C. § 227(b)(1)(A).

33. These telephone calls by Defendant, or its agent(s), violated 47 U.S.C. § 227(b)(1)(A)(iii).

**SECOND CAUSE OF ACTION**
(Violation of the TDCA)
(Tex. Fin. Code Ann. § 392 *et seq.*)
(Against Defendant and Does 1-100)

34. Plaintiff re-alleges and incorporates the allegations in each and every paragraph above by reference as if fully stated herein.

35. Plaintiff Jacqueline Galarza is an individual and is a "consumer."

36. Plaintiff had taken out a loan with TD Bank in approximately August of 2019.

37. The loan Plaintiff took from TD Bank was extended primarily for personal, family or household purposes and is therefore a "consumer debt."

38. At all relevant times herein, TD Bank engaged via mail, email, and telephone, in the business of "debt collection" of a consumer debt from Plaintiff.

39. At all relevant times, TD Bank, by attempting to collect a consumer debt, acted as a "debt collector."

40. Between February 6, 2020 through June 18, 2020, and despite Plaintiff informing Defendant that she did not wish to be contacted and withdrew any prior consent that may have been given, Defendant contacted Plaintiff on at least one hundred seventy-three (173) separate occasions, including at least seven (7) of which were made after Defendant's receipt of both the Revocation and Notice.

41. Defendant's one hundred seventy-three (173) calls across a four (4) month span, frequently four (4) times per day, is clear evidence that Defendant intended to harass Plaintiff by causing her telephone to "ring repeatedly or continuously" in direct violation of Tex. Fin. Code Ann. § 392.302(4).

///
///
///

## THIRD CAUSE OF ACTION
(Violation of the DTPA)
(Tex. Bus. & Comm. Code § 17.41 *et seq*.)
(Against Defendant and Does 1-100)

42. Plaintiff re-alleges and incorporates the allegations in each and every paragraph above by reference as if fully stated herein.

43. In addition to the remedies provided under Tex. Fin. Code Ann. § 392.403, a violation of the Texas Debt Collection Act is a deceptive trade practice and is actionable under the Deceptive Trade Practices-Consumer Protection Act. Tex. Fin. Code Ann. § 392.404(a).

44. Plaintiff, as a claimant bringing an action under Tex. Fin. Code Ann. § 392.302(4), is "not limited to recovery of economic damages only, but may recover any actual damages incurred by the claimant, without regard to whether the conduct of the defendant was committed intentionally." Tex. Bus. & Comm. Code § 17.50(h). Therefore, in applying Tex. Bus. & Comm. Code § 17.50(b)(1) to an award of damages, "a total of not more than three times actual damages" may be awarded. *See Id.*

45. Defendant's outrageous and harassing conduct of calling Plaintiff at least one hundred seventy-three (173) times across a four (4) month span, frequently four (4) times per day, has caused Plaintiff mental anguish and Plaintiff has incurred actual damages to defend her rights as a consumer, which entitles Plaintiff to up to three times damages incurred pursuant to Tex. Bus. & Comm. Code § 17.50(h) and (b)(1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

a. An award of statutory damages of $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) & (C) for each and every violation.

b. Pursuant to 47 U.S.C. § 227(b)(3)(A) and Tex. Fin. Code Ann. § 392.403(a)(1), injunctive relief prohibiting such conduct in the future.

c. Pursuant to 15 U.S.C. 1692(k) both actual damages and statutory damages in an amount to be proven at trial.

d. Pursuant to Tex. Fin. Code Ann. § 392.403(a)(2), actual damages in an amount to be proven at trial.

e. Pursuant to Tex. Fin. Code Ann. § 392.403(b), attorney's fees reasonably incurred.

  **f.**  Pursuant to Tex. Bus. & Comm. Code § 17.505(h) and (b)(1), up to three times actual damages incurred in an amount to be proven at trial.

              Respectfully submitted,

              **PERRY, SHIELDS, CAMPBELL, FLOYD, PLLC**

Dated: August 19, 2020      */s/ Kyle Schumacher*
              Kyle Schumacher
              Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of this matter by jury.

**PERRY, SHIELDS, CAMPBELL, FLOYD, PLLC**

Dated: August 19, 2020

*/s/ Kyle Schumacher*
Kyle Schumacher
Attorneys for Plaintiff